UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERNEST T. GREEN, JR.,

    Plaintiff,

v.

                                            Case Number 09-12511-BC
                                            Honorable Thomas L. Ludington

SUSAN RONDEAU, MICHIGAN
DEPARTMENT OF CORRECTIONS,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

On June 25, 2009, pro se prisoner Plaintiff Ernest T. Green, Jr., filed a civil rights complaint pursuant to 42 U.S.C. § 1983, against Defendants Susan Rondeau, a parole agent, and the Michigan Department of Corrections. Generally, Plaintiff claims that Defendants improperly revoked his parole for an unspecified conviction. Plaintiff seeks monetary damages and an order releasing him from incarceration. On July 13, 2009, Plaintiff's application to proceed without prepayment of fees was granted pursuant to 28 U.S.C. § 1915. The statute provides, however, that "the court shall dismiss the case at any time" if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). For the reasons stated below, Plaintiff's complaint will be dismissed without prejudice.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). A

complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 867. Sua sponte dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)); *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A pro se litigant's complaint is to be construed liberally. *See Middleton v. McGinnis*, 860 F.Supp. 391, 392 ( E.D. Mich. 1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). In other words, the complaint is held to a "less stringent standard" than one drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The complaint, however, must still plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law and (2) the offending conduct deprived the plaintiff of a right secured by federal law. *Bloch v. Ribar*, 156 F 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir.2001).

To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); *see also Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 767 (E.D. Mich. 2009). The holding in *Heck* "applies to proceedings that call into question the fact or duration of parole or probation." *Noel*

*v. Grzesiak*, 96 F. App'x 353, 354 (6th Cir. 2004) (quoting *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)). While Plaintiff seeks monetary damages for the revocation of his parole, Plaintiff does not allege that his parole revocation has been overturned, expunged, or called into question by a writ of habeas corpus; thus, his allegations that relate to his parole revocation and subsequent incarceration fail to state a claim for which relief may be granted and will be dismissed. *See, e.g.*, *Norwood v. Mich. Dep't of Corrs.*, 67 F. App'x 286, 287 (6th Cir. 2003).

To the extent that plaintiff is seeking to have his parole revocation vacated or set aside in this civil rights action, the civil rights complaint is also subject to dismissal. Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Rogers*, 595 F. Supp. 2d at 767; *Graham v. Broglin*, 922 F. 2d 379, 381 (7th Cir. 1991). A petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is therefore the proper avenue for plaintiff to challenge the revocation of his parole. *See Norwood*, 67 F. App'x at 288.

Additionally, when a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.* Indeed, in this case, the Court could not treat Plaintiff's complaint as an application for habeas corpus relief because the Court has no information regarding whether Plaintiff has exhausted his state court remedies as required by 28 U.S.C. § 2254(b) & (c). *Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001). Moreover, any habeas petition would be subject to dismissal

because Plaintiff has failed to name the appropriate state official as the respondent. *See Clemons v. Mendez*, 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). Finally, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin*, 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy*, 343 F. Supp. 2d at 609. Therefore, the dismissal in this case will be without prejudice. *Diehl v. Nelson*, 198 F. 3d 244 (table), 1999 WL 1045076 (6th Cir. Nov. 12, 1999) (citing *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996)). It is further determined that any appeal by Plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Goodell*, 157 F. Supp. 2d at 802.

Accordingly, it is **ORDERED** that the complaint [Dkt. # 1] is **DISMISSED WITHOUT PREJUDICE**.

                    s/Thomas L. Ludington
                    THOMAS L. LUDINGTON
                    United States District Judge

Dated: November 17, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 17, 2009.

                                          s/Tracy A. Jacobs
                                          TRACY A. JACOBS